48 F.3d 1238
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Eddie D. SMITH, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 94-3353.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1995.
 
 MSPB
 AFFIRMED.
 Before ARCHER, Chief Judge, LOURIE and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Eddie D. Smith petitions for review of the April 11, 1994 final decision of the Merit Systems Protection Board, Docket No. SL0752940054-I-1, affirming the decision by the Federal Medical Center ("agency") to remove him from his position as a correctional officer. Because Smith failed to establish that the Administrative Judge ("AJ") abused his discretion in controlling Smith's cross-examination of the agency's primary witness, we affirm.
 
 DISCUSSION
 
 2
 Smith was employed as a correctional officer with the agency, a federal medical care facility for female inmates. In March 1993, an inmate, Venus Michels, informed a prison official that Smith was pressuring her to have sexual relations with him. Prison officials subsequently conducted a covert surveillance of Smith, which produced a tape recording of Smith and Michels engaged in sexual activity in a basement corridor bathroom. When interviewed about the incident, Smith denied any involvement with Michels on that date or at any other time. Finding Smith's explanation unconvincing, the agency removed Smith for having an improper relationship with an inmate and for concealing a material fact during an official investigation. Smith appealed to the board.
 
 
 3
 The AJ affirmed the agency's removal of Smith, finding that the agency proved the charges by preponderant evidence. The AJ found Michels and other agency witnesses to be more credible than Smith. The AJ also found that the tape recording of Smith and Michels was authentic and unaltered. In addition, the AJ found that Smith lied about being with Michels in the basement corridor bathroom and thus concealed a material fact during the investigation. The AJ's initial decision became the final decision of the board when Smith failed to petition for review. See 5 C.F.R. Sec. 1201.113 (1994). Smith now appeals.
 
 
 4
 The scope of our review of board decisions is limited to whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 On appeal, Smith argues that the AJ abused his discretion in unduly restricting Smith's cross-examination of Michels. Specifically, Smith contends that the AJ did not allow his attorney to inquire into Michels's motives for allegedly fabricating charges against Smith. In reply, the government argues that the AJ's alleged failure to allow broader cross-examination of Michels was not an abuse of discretion. We agree with the government.
 
 
 6
 It is established that "[p]rocedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1988) (citing Spezzaferro v. Federal Aviation Admin., 807 F.2d 169, 173 (Fed.Cir.1986)). We will not overturn the board on such matters unless an abuse of discretion was clear and harmful. Curtin, 846 F.2d at 1378.
 
 
 7
 Here, Smith has not met the threshold requirement of showing a clear abuse of discretion. Smith points to various statements made by the AJ during the hearing in which the AJ, in essence, asked Smith's attorney to stop badgering Michels. Smith has not persuaded us, however, that the AJ precluded Smith from pursuing relevant lines of questioning or otherwise improperly controlled the proceeding. The snippets of hearing statements cited by Smith in his brief fall far short of proof of clear error by the AJ. When pressed at oral argument to elaborate on what he was and was not allowed to ask Michels during cross-examination, Smith's counsel was essentially nonresponsive, falling back on the hearing snippets cited in his brief.
 
 
 8
 Because Smith has not demonstrated that the AJ abused his discretion with respect to Smith's cross-examination of Michels, we need not consider whether Smith proved that the alleged error "caused substantial harm or prejudice to his rights which could have affected the outcome of his case." Curtin, 846 F.2d at 1379.
 
 
 9
 We have considered Smith's remaining arguments and find them not persuasive.